UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WALTER L. HANDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:07-CV-403-TS |
| ) | |
| DALE CAMPBELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Plaintiff , Walter L. Handy, submitted a *pro se* prisoner complaint pursuant to 42 U.S.C. § 1983 alleging that Sheriff Gene Issacs, Jail Commander Dale Campbell, and Cass County Commissioners violated his federally protected rights while he was confined at the Cass County Jail. Upon screening the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the Plaintiff to proceed against Defendants Issacs and Campbell for damages on his Fourteenth Amendment claim that they punished him without due process when they conducted a lockdown of his cell block in May and July 2007. The Court dismissed the Cass County Commissioners and all other claims pursuant to 28 U.S.C. § 1915A(b)(1). The remaining Defendants have filed a motion for summary judgment [DE 35] asserting that the Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and arguing that the Plaintiff cannot prevail on the merits. The Plaintiff responded with a Motion for Denile [SIC] of Summary Judgment [DE 39], which included the affidavits of two inmates. The Defendant have moved to strike the inmate affidavits [DE 41] from consideration on the motion for summary judgment because they are not sworn statements. The Defendants also filed a reply brief.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c), Advisory Committee Notes, 1963 Amendments. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324. Pursuant to local rule, the Court is to assume that the facts claimed by the moving party and supported by admissible evidence are admitted to exist without controversy, except to the extent such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion and supported by admissible evidence. N.D. Ind. L.R. 56.1(b).

**DISCUSSION**

The Plaintiff's remaining claim arises from the Defendants' handling of inmates after jail officials discovered homemade alcohol, called "jailhouse hooch," in the cell block where the Plaintiff was housed. The Plaintiff claims that he was punished without due process when his entire cell block was locked down and put on segregation rules.

The first basis that the Defendants argue in support of summary judgment is the Plaintiff's failure to comply with the exhaustion requirements of the Prison Litigation Reform Act (PLRA). Pursuant to § 1997e(a), "a suit filed by a prisoner before administrative remedies

2

have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dept. of Corrs.* 182 F.3d 532, 535 (7th Cir. 1999). "The court must not proceed to render a substantive decision until it has first considered § 1997e(a). The statute gives prisons and their officials a valuable entitlement — the right *not* to face a decision on the merits — which courts must respect if a defendant chooses to invoke it." *Id.* at 536. Accordingly, the Court must first consider the portion of the Defendants' motion addressing exhaustion.

A.      **Exhaustion of Administrative Remedies**

The PLRA has a comprehensive exhaustion requirement for prisoners, which is intended to reduce the quantity of prisoner suits. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (stating that an "'invigorating' exhaustion provision" was the "centerpiece of the PLRA's effort 'to reduce the quantity . . . of prisoner suits'") (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)) (ellipses in original). It is also intended to improve the quality of suits that are filed. *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 914–15 (2007). The exhaustion provision states that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Accordingly, prisoners must use any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez*, 182 F.3d at 537. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford*, 548 U.S. at 95 (noting

3

that to properly exhaust, a prisoner must comply with the prison grievance system's critical procedural rules). It is important to note for purposes of this case that a prisoner who has not appealed the dismissal of his grievance has not exhausted his administrative remedies in accordance with § 1997e(a). *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002). Additionally, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

Although it does not deprive the courts of subject-matter jurisdiction, the administrative exhaustion requirement requires dismissal of any case where an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is an affirmative defense, and the burden of proof is on the Defendants. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

In support of their summary judgment motion, the Defendants submit their own affidavits and a copy of the Cass County Jail grievance policy that was in effect during the relevant time in 2007. The policy provides, among other things, for the filing of a grievance, and a response by jail officials. If the inmate is not satisfied with the written response, he is to be "given the opportunity to sign the form indicating whether or not he is satisfied with his answer." (DE 28-3 at 2.) If the inmate is not satisfied by the initial response, the Sheriff reconsiders and reviews the grievance in a final review. In his affidavit, Defendant Jail Commander Campbell states that the Plaintiff "turned in no grievance regarding the incident. I did not understand Smith's grievance, which was not appealed, to pertain to Handy." (DE 37-4 ¶ 8).

The other inmate referred to by Campbell is Donald Smith, who was originally a co-

4

plaintiff with the Plaintiff and another inmate before the Court ordered that each plaintiff file his own complaint in a separate cause number in accordance with the rules of permissive joinder. The Plaintiff admits that he did not file his own grievance in this cause. On a prisoner complaint form filed with this Court, the Plaintiff checked "no" in response to a question asking whether he filed a grievance. The Plaintiff explains that he did not file his own grievance because the "grievance filed under Donald J. Smith, Jr. was a joint grievance by [Smith], Jeff L. Moss and myself." (DE 6 at 2.) This is the only documentation or argument that the Plaintiff presents on the exhaustion issue.

A review of Smith's grievance reveals that it contains Smith's name only. However, Smith does complain in the grievance that the restrictions placed on the cell block are "against *our* constitutional rights." (DE 6 at 7) (emphasis added). Presumably, he is referring to all the inmates in his cell block. Defendant Campbell provided a written response informing Smith that he was "not under segregation but discipline rules. If you do not like H block I will be glad to move you to D-Block." (DE 6 at 7.) There is no indication that Smith attempted to appeal his grievance to the Sheriff in accordance with the jail's grievance policy. Therefore, even if this grievance could be considered a joint grievance, Smith did not exhaust available administrative remedies for purposes of § 1997e(a). *See Dixon*, 291 F.3d at 490.

Given the Defendants' evidence that the Plaintiff did not file a grievance or appeal it in accordance with the jail's grievance policy, and the Plaintiff's failure to present evidence to the contrary, the Defendants have met their burden of proving that the Plaintiff did not use available administrative remedies. Thus, no reasonable jury could decide the question of exhaustion of administrative remedies in the Plaintiff's favor, and the due process claim will be dismissed

5

without prejudice. *Perez*, 182 F.3d at 534 (dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) is without prejudice).

**B.      Merits of the Plaintiff's Due Process Claim**

Because the Court concludes that the Defendants are entitled to summary judgment on the question of exhaustion, it will not address the merits of the Plaintiff's claim. The Defendants' motion to strike affidavits submitted by the Plaintiff is rendered moot.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion for summary judgment (DE 35), DENIES the Plaintiff's motion for denial of summary judgment [DE 39], and DENIES AS MOOT the Defendants' motion to strike [DE 41]. This case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1997e(a).

SO ORDERED on June 5, 2008.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION